UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH B. MCPHAIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1109-B |
| | § | |
| CUMULUS MEDIA, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed June 11, 2010 (doc. 4). Having considered the motion, response, record and applicable law, the court **GRANTS** Plaintiff's Motion to Remand.[1]

## I.

## BACKGROUND

This is a disability discrimination case brought pursuant to Chapter 21 of the Texas labor Code. Plaintiff Keith McPhail ("Plaintiff") originally filed this action on May 4, 2010 in the 44th Judicial District Court in Dallas County, Texas. On June 3, 2010, Defendant Cumulus Media, Inc. ("Defendant") removed the case to this court contending that the amount in controversy exceeds $75,000 and because there is complete diversity of citizenship. *See* Def. Notice of Removal at 1-2

---

[1] Plaintiff did not file a reply to Defendant's Response.

1

(doc. 1). On June 11, 2010, Plaintiff filed a Motion to Remand, arguing that the amount in controversy does not exceed $75,000.[2]

## II.

## ANALYSIS

**A.  Legal Standard**

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and involves complete diversity of citizenship. 28 U.S.C. §§ 1331, 1332. In federal court, the burden of establishing subject matter jurisdiction rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Greenberg*, 134 F.3d at 1253; *De Aguilar*, 47 F.3d at 1408. In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1412. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce

---

[2]As diversity of citizenship is not in dispute, the only question for the court is whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

2

evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (original emphasis). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, this is the removing party. *De Aguilar*, 47 F.3d at 1408. The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**B.     Discussion**

In support of his motion to remand, Plaintiff argues that Defendant has failed to establish that the amount in controversy exceeds $75,000. Plaintiff asserts that he did not allege or specify the amount in controversy in his Original Petition, and that Defendant carries the burden of establishing that the amount in controversy is satisfied. Plaintiff also seeks attorney's fees and costs for the improper removal. Defendant argues in response that Plaintiff sought $120,000 cash in a pre-suit demand letter, which Defendant attached to its Notice of Removal. (doc. 1, Ex. C., Notice of

3

Removal.) Defendant also makes general arguments that the type of claim alleged by Plaintiff supports a recovery over the jurisdictional minimum. Alternatively, Defendant requests that in the event the Court were to remand this case, the Court deny Plaintiff's request for attorney's fees and costs.

The Court determines that Defendant has not met its burden of establishing, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. First, as Defendant recognizes, the Fifth Circuit has not expressed an opinion regarding whether pre-suit demand letters filed prior to removal are evidence of the amount in controversy. Further, while Defendant correctly states that certain courts have looked to pre-suit demand letters as evidence of the amount in controversy, the letter relied upon by Defendant in this case is actually an e-mail, and is dated March 30, 2009. This case was removed on June 3, 2010, more than a year later. Quite simply, it is too much of a stretch for this Court to determine the amount in controversy based on an email from Plaintiff dated March 30, 2009. This is especially true in light of the Fifth Circuit's mandate that the removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna*, 200 F.3d at 339.

The Court, however, in its discretion, denies Plaintiff's requests for attorney's fees and costs, finding that "defendant had objectively reasonable grounds to believe the removal was legally proper at the time of removal." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

## III.

## CONCLUSION

For the reasons stated above, the Court concludes that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds $75,000, exclusive or interest and

costs. Accordingly, this court lacks subject matter jurisdiction, and Plaintiff's Motion to Remand (doc. 4) is **GRANTED**. The Court, however, denies Plaintiff's request for attorney's fees and costs. The court hereby **REMANDS** this action to the 44th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

**SIGNED August 16, 2010.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE